# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 11-20587 CR SCOLA

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff, | § |
| vs. | § |
| DEBORA DE JESUS, | § |
| Defendant. | § |

---------------------------------------------------------/

## DEFENDANT DEBORA DE JESUS' SENTENCING MEMORANDUM (INCLUDING OBJECTIONS TO THE PSI) IN SUPPORT OF A REQUEST FOR A VARIANCE

**COMES NOW** the Defendant, **DEBORA DE JESUS**, by and through her undersigned counsel and respectfully submits this Sentencing Memorandum in support of her request for a variance and a non-incarcerative sentence below the advisory guideline range, that is also "sufficient, but not greater than necessary, to comply with the purposes set forth" in 18 U.S.C. §3553(a).

United States of America v. Debora De Jesus
Case No.  11-20587 CR SCOLA
Sentencing Memorandum
Page 2 of 22

# I.   OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

On August 28, 2012, undersigned counsel sent a letter to United States Probation Officer Paule Charleston setting forth our objections to and corrections of the Presentence Investigation Report (hereinafter "PSI") in this case.  (This letter is attached hereto as Exhibit A).  The letter set forth one legal objection[1] and many corrections and modifications.  Undersigned counsel also provided a copy of the objections to Assistant United States Attorney Marlene Rodriquez via email.  On September 10, 2012, undersigned counsel received an Addendum to the PSI setting forth that no objections were provided by undersigned and therefore no changes or modifications were made to the PSI. Undersigned immediately contacted Ms. Charleston who explained that she was on annual leave and that the Addendum was mistakenly prepared and submitted and that she would be preparing a correct Addendum.

---

[1] Undersigned counsel objected to a 2 level enhancement for abuse of a position of trust or use of a special skill.  A co-defendant, Thomas Hamer was previously sentenced and did not receive the enhancement and as similarly situated co-defendants it likewise should not apply here.

United States of America v. Debora De Jesus
Case No.  11-20587 CR SCOLA
Sentencing Memorandum
Page 3 of 22

In the interim, undersigned counsel communicated with Assistant United States Attorney Marlene Rodriguez who confirmed that the one legal objection that was made was well taken and that Ms. De Jesus should not receive the enhancement.  Undersigned counsel communicated this information to Ms. Charleston and today, September 13, 2012, at 2:06 p.m., undersigned counsel received the Second Addendum to the PSI.  Probation is maintaining its position that the enhancement applies but also recognizes that the co-defendant did not receive the enhancement.  Undersigned counsel submits the enhancement does not apply and believes the government agrees therefore obviating the need for this court to hear testimony on this matter.[2]

---

[2] This was one of the reasons that undersigned counsel sought a continuance of this sentencing. Undersigned counsel is a diligent attorney and normally would not submit objections to the court for its determination until after probation provides its addendum and counsel has an opportunity to discuss matters with the government.  At that time whatever objections have not been resolved would be presented to this court by way of a sentencing memorandum along with requests for a variance and sentencing attachments.  This court denied the request, and so be it, but undersigned counsel wanted to explain the reason for the late filing of this memorandum recognizing that it places a burden on the court and the government.

United States of America v. Debora De Jesus
Case No.  11-20587 CR SCOLA
Sentencing Memorandum
Page 4 of 22

With this modification, the Total Offense Level should be 23 resulting in a sentencing guideline range of 46-57 months.  For the reasons set forth in more detail below, undersigned counsel is requesting a variance from this guideline range.

## II.    ATTACHMENTS IN SUPPORT OF SENTENCING

Attached as a composite exhibit B to this Sentencing Memorandum are eight (8) "letters" of support for Debora De Jesus.  Most are letters from a number of her siblings (she has 13 siblings but counsel is only providing a few letters for this Court's review in light of the time restraints).  The letters all express love and support but also try and offer this Court insight into the person they know as Debora De Jesus.  Also attached as exhibit C is Debora Dejesus' letter provided to probation for acceptance of responsibility.  Finally, attached as Exhibit D are various certificates, licenses, and diplomas of Debora De Jesus.

United States of America v. Debora De Jesus
Case No. 11-20587 CR SCOLA
Sentencing Memorandum
Page 5 of 22

All are offered in support of our request for a variance and in conjunction with courts' directives about what judges should consider in determining what is the least restrictive sentence a court can pronounce while balancing the factors set forth in 18 U.S.C. 3553(a):

> It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.

*Gall v. United States*, 128 S. Ct. 586, 598 (2007), *quoting Koon v. United States*, 518 U.S. 81, 113 (1996).

## III.      DETERMINATION OF THE SENTENCE UNDER §3553(A)

Post-*Booker*, a District Court is required to impose a reasonable sentence based upon factors set forth in 18 U.S.C. §3553(a).

Case No. 11-20587 CR SCOLA
Sentencing Memorandum
Page 6 of 22

> A District Court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.  The Guidelines are not the only consideration, however.  Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, [s]he may not presume that the Guidelines range is reasonable.  [S]he must make an individualized assessment based on the facts presented.
>
> *Gall v. United States*, 552 U.S.38, 128 S.Ct. 586, 596-597

(2007).

The Supreme Court has clearly held that "[o]ur cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable" and therefore "[t]he Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable." *Nelson v. United States*, 555 U.S. 350, 351, 129 S.Ct. 890, 172 L.Ed.2d 719 (2009).  Accordingly, the Guidelines are but one, and only one, of the factors to be considered by the District Court who must, after consider all the sentencing factors, "tailor the sentence in light of other statutory concerns."

*United States v. Ellis*, 419 F.3d 1189, 1193 (11th Cir. 2005). The Eleventh Circuit Court of Appeals has joined a number of other Circuits who have refused to adopt a rule that a sentence as the low end of a properly calculated advisory sentencing guideline range is per se reasonable. *United States v. Talley*, 431 F.3d 784 (11th Cir. 2005); *United States v. Hunt*, 459 F.3d 1180 (11th Cir. 2006).

Title 18 U.S.C. §3553(a) sets forth a list of separate sentencing factors which this Court is required to consider in fashioning a sentence which is "sufficient, but not greater than necessary, to comply with the purposes" set forth in the Act.

*a)* *18 U.S.C. §3553(a)(1)- The nature and circumstances of the offense and the history and characteristics of the defendant.*

Debora De Jesus was born and raised in Puerto Rico as one of 14 children. To say her family is large and close would be an understatement.

United States of America v. Debora De Jesus
Case No.  11-20587 CR SCOLA
Sentencing Memorandum
Page 8 of 22

While Debora did not have a relationship with her father, her mother worked hard to raise all of her children to always help others in need, to love and respect thy neighbor and that with education and hard work they would improve their lives and the lives of others.  That is exactly how Debora De Jesus has lived for the last 52 years.

Every letter provided to this Court in support of this sentencing memorandum (and all the stories undersigned counsel has learned from those whose letters we did not provide to the court) describes a woman who has always put the needs of others before her own.  Her entire family, many following in her footsteps, has gone on to receive multiple college degrees.  All have entered professions to help the less fortunate or downtrodden and almost all are pastors or ministers who are committed to volunteerism and the brotherhood of god. They describe Debora's tireless pursuit of an education (even as a single mother), her commitment to counseling someone on their deathbed and being there for the family when she died to help

United States of America v. Debora De Jesus
Case No.  11-20587 CR SCOLA
Sentencing Memorandum
Page 9 of 22

with their needs and her emotionally moving commitment to her sister and nephew when she took care of him for over one year after he was paralyzed in an accident and transported to Miami for surgery and treatment until his mother could move from Puerto Rico.  All are examples in the letters of Debora's incredible empathy and kindness to anyone in need and the list goes on and on.

Debora feels an intense love for her family, the mental health community and especially his son.  The letters describe a loving and caring mother who made sure her son learned the lessons her mother taught her and who stressed education as the key to a better life.  Debora's letter to this Court (attached as exhibit C and part of the PSI as her acceptance statement) expresses her shame and guilt for violating her own personal ethics and morals and for the shame it has brought on her family. She recognizes all that she has lost as a result of her own actions and failures and is sincere in her remorse.

United States of America v. Debora De Jesus
Case No. 11-20587 CR SCOLA
Sentencing Memorandum
Page 10 of 22

Certainly this is a factor this court should consider and is discussed more fully below in subsection (b).

In some way her kindness and willingness to go that extra step to help those overcome with mental health and substance abuse problems is what got her into this situation. Initially Biscayne Milieu looked like the perfect PHP. In contrast to other PHP's where she worked the groups were small and many of the patients were young and in desperate need of help suffering from a dual diagnosis. This was precisely what Debora had put all her time and education into preparing herself to treat. Debora felt like she was making a difference in many patients and ignored those that did not belong there or who failed to show up. It was not until sometime after she became a full time therapist that the "case managers" began working in-house as employees that she began to notice that things were not right. She stayed on as a therapist for the same reason many of the therapists stayed- she needed the paycheck and she was still helping many in need.

United States of America v. Debora De Jesus
Case No.  11-20587 CR SCOLA
Sentencing Memorandum
Page 11 of 22

Debora's motivation, while not a defense, is also a matter for this court's consideration in deciding what punishment is sufficient but not greater than necessary.

   *b)*       *§3553(a)(2)-The Need for the Sentence Imposed to Address the Issues of Deterrence.*

The factors listed in (a)(2)(A-C) discuss the need for deterrence both in general, to promote respect for the law and to provide a just punishment for the offense, and specifically to deter this defendant from further criminal conduct and to protect the public from further crimes of the defendant.   Undersigned counsel, through this sentencing memorandum (and its attachments) and by witness testimony at sentencing, if necessary, submits that the concerns set forth in §3553(a) (2) (A-D) have been addressed.   Debora De Jesus presents with a low risk of recidivism, and therefore her future risk to the community is limited as well.   Defendants "over the age of forty... exhibit markedly lower rates of recidivism in comparison to younger defendants See *Measuring Recidivism: The Criminal*

United States of America v. Debora De Jesus
Case No.  11-20587 CR SCOLA
Sentencing Memorandum
Page 12 of 22

*History Computation Of The Federal Sentencing Guidelines,* at 12,

28(2004) ("Recidivism rates decline relatively consistently as age

increases")*; **Simon v. U.S.**,* 361 F. Supp. 2d 35 (E.D.N.Y. 2005)

("Under the Guidelines, age was not normally relevant to

sentencing. §5H1.1. Post-*Booker,* however, at least one Court

noted recidivism drops substantially with age).  Debora De Jesus

is 52 years of age.  Furthermore, Debora has never been to

prison or arrested or charged with any serious crime. Her crime

in this case is non violent and was not committed for financial

gain (other than collecting her paycheck). Oftentimes courts

consider these factors when addressing recidivism and

deterrence and an appropriate variance. **U.S. v. Groos**, 2008 WL

5387852 (N.D.Ill.,2008) (district court considered that lengthy

incarceration for crimes involving shipping of embargoed goods

were ineffective to the aid of deterrence and the period of

uncertainty resulting from the four-year delay in prosecuting the

case against defendant provided significant punishment which

merited a non-guidelines sentence.

United States of America v. Debora De Jesus
Case No. 11-20587 CR SCOLA
Sentencing Memorandum
Page 13 of 22

Court imposed sixty days incarceration and one year supervised release with a fine, despite guidelines recommendation of 24 - 30 months); *U.S. v. Adelson*, 441 F. Supp. 2d 506 (S.D.N.Y. 2006) (where guidelines called for life sentence for securities fraud, court imposed forty-two month sentence partly based on "considerable evidence that even relatively short sentences can have a strong deterrent effect on prospective 'white collar' offenders" and government failed to present any evidence or empirical studies that sentence of more than 3 ½years was necessary to achieve the retributive and deterrence objectives of §3553(a)).*U.S. v. Qualls*, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005) (generally, a lesser prison term is sufficient to deter one who has not been subject to prior lengthy incarceration). *U.S. v. Hughes*, 825 F.Supp. 866 (D.Minn.1993) (the court noting that "the non-rehabilitation purposes of incarceration-retribution, deterrence and incapacitation-would all be more than adequately served by a far shorter sentence.

United States of America v. Debora De Jesus
Case No. 11-20587 CR SCOLA
Sentencing Memorandum
Page 14 of 22

Both society and the defendant will pay a dear cost for this sentence and receive very little in return.")

### 1) Debora De Jesus' cooperation

Immediately upon entering her plea, Debora De Jesus met with the government and the agents in this case to provide whatever information and insight she could. Debora, though reluctantly at first (she did not want to testify against other therapists who she felt worked very hard and were stuck in a bad situation) agreed to testify at trial if called by the government. Debora continued to provide the government information (without request) whenever she remembered something important or she thought it would help their case. (See email communications between undersigned counsel and the former prosecutor Alicia Shick attached hereto as Exhibit D). Undersigned counsel knew the government would not be calling all the therapists to testify at trial but yet did not believe that we would be penalized for the government's choice.

United States of America v. Debora De Jesus
Case No.  11-20587 CR SCOLA
Sentencing Memorandum
Page 15 of 22

Debora De Jesus' cooperation can be viewed by this Court to support a variance under 18 U.S.C. 3553(a).   Debora's cooperation evinces her intent to remove herself from a criminal enterprise (as does her resignation from Biscayne Milieu) and therefore directly protects the public "from future crimes of the defendant".   Her cooperation likewise reflects a reduced likelihood of recidivism and is a beneficial part of her history and character supporting a non-guideline sentence under §3553(a)(2)(C), even where the government does not file a  §5K motion. *See U.S. v. Fernandez*, 443 F.3d 19 (2d Cir. 2006) (a judge must consider "the history and characteristics of the defendant" and should consider that a defendant made efforts to cooperate, even if those efforts did not yield a government motion for a departure); *U.S. v. Lazenby*, 439 F.3d 928, 933-34 (8th Cir. 2006)(noting that *Booker* made the prosecution's determination of the cooperation factor less controlling, and holding that district court failed to take *Booker's* change into account);

*U.S. v. Doe,* 213 Fed.Appx. 660, 663 (10th Cir. Jan. 12, 2007)(unpub.)(holding that district court should address cooperation as part of its §3553(a) analysis even in absence of a 5K1.1 motion when raised by the defendant); *U.S. v. Ochoa-Ramos,* 2008 WL 2062341, at *3 (E.D.Wis. 2008)(noting the ability to consider cooperation with the government as evidence of defendant's character under §3553(a) beyond a reduction under §3E1.1, even in the absence of a §5K motion from the prosecution); *U.S. v. Cruz,* 2008 WL 4501951, at *3 (E.D.Wis. 2008)(same); *U.S. v. Hubbard*, 369 F. Supp. 2d 146, 150 (D. Mass. 2005) (suggesting court can correct for government's bad faith in not making §5K1.1 motion under §3553(a)(2)(C)).

   2) *A 20 level increase in the sentence overstates the amount of loss and seriousness of the offense as to this defendant and her personal actions*

   In this case, Debora De Jesus' guidelines were enhanced 20 points for a loss figure of $13.9 million dollars. The government (with obvious difficulty given the nature of this offense and to their credit in an effort to be fair) determined the loss amount by

United States of America v. Debora De Jesus
Case No.  11-20587 CR SCOLA
Sentencing Memorandum
Page 17 of 22

the amount Biscayne Milieu billed for services during the time period Debora De Jesus worked there.  The government, at the sentencing of Thomas Hamer (another therapist), agreed that Mr. Hamer nor any of the therapists made money beyond their therapy salaries in this case.  They were not paid base on the amount that Biscayne billed nor was there incentive pay like those recruiting or receiving kickbacks in this case.   Debora began working at Biscayne Milieu part time and became a full time employee in February 2010.  She resigned from her job in June of 2011 and left the facility in August 2011.  This conspiracy is alleged to have begun in 2007 (before she started working there) and ended after she left.  She was not responsible for billing and had no authority or access to the billing records of Biscayne Milieu.  She was a therapist that received $25 an hour to provide therapy services.  Without question, the notes she provided of her therapy sessions (admittedly not all justified or warranted) were used to bill for services.

United States of America v. Debora De Jesus
Case No.  11-20587 CR SCOLA
Sentencing Memorandum
Page 18 of 22

But a 20 level increase- resulting in the guideline range 46-57 months- overstates her personal conduct.  Without the 20 level enhancement, her guidelines would be 0-6 months, a sentence undersigned counsel submits is more appropriate under the facts and circumstances of this case.

USSG § 2B1.1, Note 16 (B) provides that where the offense level substantially overstates the seriousness of the offense, a downward departure may be warranted. *U.S. v. Broderson*, 67 F.3d 452 (2d Cir. 1995) (in white collar contracts fraud, seven level departure affirmed in part because defendant did not profit personally, contracts were favorable to government, and "calculated loss significantly... overstated the seriousness of the defendant's conduct" – see former §2F1.1 comment. (n.7(b); *U.S. v. Walters*, 87 F.3d 663 (5th Cir. 1996) (in money laundering case, district court reasonably departed downward by six months where Defendant did not personally benefit from the fraud; lack of benefit was not considered by the guidelines; so §5K2.0 authorizes departure); *U.S. v. Milne*, 384 F. Supp. 2d

United States of America v. Debora De Jesus
Case No.  11-20587 CR SCOLA
Sentencing Memorandum
Page 19 of 22

1309 (E.D.Wis.,2005) (in bank fraud case where guidelines were 18 to 24 months, court imposed 6 months jail and 6 months home confinement for various reasons noting that "[w]ith their almost singular focus on loss amount, the guidelines sometimes are insufficiently sensitive to personal culpability"); *U.S. v. Redemann*, 295 F. Supp. 2d 887 (E.D. Wisc. 2003) (in bank fraud case where guidelines were 18-24 months, for loss of 2.5 million, court departed downward two levels under former §2F1.1(b)(1) in part because loss significantly overstated seriousness of offense. Defendant submitted false invoices for work supposedly done on the bank, but some valuable work performed for the bank was not adequately recognized by the loss figure); *U.S. v. Maccaul*, 2002 WL 31426006 (S.D.N.Y. Oct. 28, 2002) (unpub.) (in stock manipulation scheme by brokers, defendant granted downward departure, because "it is virtually impossible to justify imprisoning the defendants before this Court for up to five times as long as the [codefendant] who hired, inspired, and gravely misled them" and because "the loss

United States of America v. Debora De Jesus
Case No.  11-20587 CR SCOLA
Sentencing Memorandum
Page 20 of 22

provision…does not make sense when up to 250 people are participating [in the fraudulent scheme], and the loss is difficult if not impossible to apportion fairly."); **U.S. v. Oakford Corp**, 79 F. Supp. 2d 357 (S.D.N.Y. 2000) (13 level departure granted where offense level overstates gravity of offense; each defendant personally realized "only small portion of the overall gain" of $15 million and agency tacitly encouraged floor brokers to "push the envelope")**;U.S. v. Gigante**, 94 F.3d 53, 56 (2nd Cir. 1996) (downward departure authorized where substantially enhanced sentence range results from series of enhancements proven only by preponderance of the evidence). **U.S. v. Adelson**, 441 F. Supp. 2d 506 (SDNY 2006 ) ("the [Sentencing] Commission has never explained the rationale underlying *any* of its identified specific offense characteristics, why it has elected to identify certain characteristics and not others, or the weights it has chosen to assign to each identified characteristic..... Here, their combined effect -– an added 20 points under the Government's approach –- ill-fits the situation of someone like Adelson.

United States of America v. Debora De Jesus
Case No.  11-20587 CR SCOLA
Sentencing Memorandum
Page 21 of 22

It represents, instead, the kind of "piling-on" of points for which the guidelines have frequently been criticized. ")("Even the Government blinked at this barbarity") (this case illustrates "the utter travesty of justice that sometimes results from the guidelines' fetish with abstract arithmetic, as well as the harm that guideline calculations can visit on human beings if not cabined by common sense.")

For these and additional reasons undersigned counsel will argue and present at sentencing (for the sake of brevity of this document) undersigned counsel requests a variance below the guidelines to a non-incarcerative sentence that is "sufficient but not greater than necessary" to comply with the purposes set forth in section 3553(a).

Undersigned counsel, Debora De Jesus and her witnesses look forward to providing further information and argument before this Court prior to imposition of sentence.

United States of America v. Debora De Jesus
Case No.  11-20587 CR SCOLA
Sentencing Memorandum
Page 22 of 22

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was tendered via CM/ECF to the Clerk of the Court and to Assistant United States Attorney Marlene Rodriguez, Office of the United States Attorney, on this 13th day of September, 2012.

Respectfully submitted,

MYCKI RATZAN, P.A.
ATTORNEY AT LAW
1450 Brickell Avenue
Suite 2600
Miami, Florida 33131
305 374-5730
305 374-6755 Fax

By:  ___/s/ Mycki Ratzan___
        MYCKI                RATZAN,
        ESQUIRE
        Florida Bar No. 915238